MIMOSO, RECURRENTE, v. EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de venta por dación en pago.

No. 446.—Resuelto en diciembre 23, 1919.

CANCELACIÓN DE HIPOTECA—CONSENTIMIENTO DE LA ESPOSA—DACIÓN EN PAGO DE LA DEUDA—BIENES GANANCIALES.—Una escritura de venta de la finca por dación en pago del crédito hipotecario que la misma garantiza hecha por el deudor al marido, no es necesariamente nula por el hecho de que la esposa no haya concurrido al otorgamiento; y dicha escritura es perfectamente inscribible, si va acompañada de otra por la cual ambos esposos aparecen traspasando la finca a otra persona. Este traspaso envuelve una aceptación de la dación en pago por parte de la esposa, lo cual es suficiente para cancelar el derecho real.

QUAERE: Si habiendo el esposo recibido la finca hipotecada en pago del crédito sin el consentimiento de la esposa puede ésta ser compelida a cancelar la hipoteca.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Juan Mimoso López, casado con Juana Raspaldo, hizo un préstamo a Petrona Ramos y en garantía del mismo aceptó una hipoteca sobre una finca urbana de la deudora. No pudiendo ésta satisfacer el crédito vendió la finca garantizada con hipoteca a su acreedor Juan Mimoso López. La esposa

de éste no compareció al otorgamiento de la escritura.  Posteriormente, Juan Mimoso López y su esposa, Juana Raspaldo, vendieron o trataron de vender la misma finca a José Marrero Denis.  La escritura otorgada por Petrona Ramos a Juan Mimoso fué presentada en el registro para su inscripción.  Esta escritura fué acompañada de la otorgada por Juan Mimoso y su esposa Juana Raspaldo a favor de José Marrero Denis.  El registrador denegó la inscripción de la escritura otorgada a favor de Juan Mimoso por tratarse de cancelar de este modo un crédito hipotecario perteneciente a los bienes gananciales de Mimoso y su esposa sin el consentimiento de ésta, con infracción de los artículos 159 y 1328 del Código Civil, insistiendo, en efecto, el registrador en que la escritura subsiguiente otorgada por el marido y la esposa no podía convalidar lo que ya era nulo o dar efecto retroactivo a la falta existente de consentimiento por parte de la referida Juana Raspaldo.

El marido es el administrador de los bienes de la sociedad conyugal.  Puede él prestar dinero sin el consentimiento de su esposa, así como recibirlo y dar carta de pago.  Cuando un acreedor acepta el pago hecho por un deudor, la obligación principal queda cancelada y cualquiera corte ejercerá sus facultades para obligar al acreedor a cancelar la garantía del crédito.  Nada queda a la esposa sino un simple derecho hipotecario.

Ahora bien, si puede el esposo aceptar dinero en pago de una deuda es asimismo posible que pueda él aceptar un traspaso de bienes en sustitución de la deuda.  Lo que resulta es que si prestó él el dinero y luego aceptó la finca en pago de la suma dada en préstamo, la situación en conjunto no varía del caso en que compra él una finca y paga por ella al contado.  Desde el punto de vista del deudor la deuda queda necesariamente cancelada por el traspaso de la propiedad para satisfacer el préstamo.

El marido es necesariamente el mandatario de la esposa

para recibir un pago de una suma de dinero y cuando ella manifiesta después su aceptación en un documento público será eso suficiente para cancelar un derecho real. Tal aceptación quedó manifestada por el traspaso de la propiedad en cuestión a una tercera persona. *Hereter* v. *El Registrador de la Propiedad*, 18 D. P. R. 812.

De todos modos Juana Raspaldo comparece en una escritura vendiendo una propiedad a José Marrero Denis. Ella hace un traspaso absoluto de la propiedad y con ésta cualquier derecho real que pudiera tener en la misma. Como el registrador fué de parecer que ella había traspasado de tal manera todo su derecho e interés en la propiedad estaba dicho registrador en la obligación de saber que ella quedaría para siempre impedida de poder reclamar cualquier derecho o interés que pudiera tener en la finca traspasada a José Marrero Denis, y, por tanto, que el traspaso por Petrona Ramos a Juan Mimoso debió inscribirse aun cuando por ello quedaba cancelado el derecho hipotecario que técnicamente pertenecía a la sociedad conyugal de Juan Mimoso y su esposa.

La nota del registrador debe ser revocada.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.